By the Court, Cowen, J.
This company was Originally incorporated by the name of The Phoenix Fire Insurance Company of the city of New- York. (Sess. Laws of 1823, p. 111.) The tenth section, (id. p. 115,) declares, that policies executed as this is, though without the corporate seal, shall have the like force and effect, to all intents and purposes, as if the seal of the corporation had been or was affixed thereto, and that an action of covenant, or on the case, may be maintained thereon against the corporation. The name was subsequently changed to The North American Insurance Company, by Sess. Laws of 1836, (ch. 99, p. 140.) These statutes furnish an answer to the demurrer which objects to the form of the second count. It is said, that count should have been in covenant, expressly and in terms, or it could not be joined with the first count, which is clearly covenant; that it is equivocal, and may be considered as a count in case, or covenant; that the policy not being treated therein as a deed, the plaintiffs must be taken to have elected under the statute to bring case; and therefore here is a misjoinder of counts.Independently of the introductory words of the declaration, I should think the objection good. The plaintiffs5 second count, in itself, being equivocal in this respect, the defendants might elect to consider it in case, under the rule that doubtful words must be taken most strongly against the party pleading. I am inclined to think, however, this doubt may be taken to be removed, by the introductory words, “ in a plea of a breach of covenant,” which, as always understood, when in that place, apply to the whole declaration. But without deciding that point, the demurrer is not taken in such a form as *74 to raise the question.' A demurrer for a misjoinder of counts, must he to the whole declaration. (1 Chit. PI. 180, 394, Am. ed. of 1828, marg. pages.) Here the demurrer applies to the second count only, which, taken independently, is valid, whether it be in case or covenant. The substantial objection to this count will be considered in the sequel.
Another question of form is raised by the demurrer to the fifth plea to the first count, viz. the plea of fraud. One condition of the policy is, that all fraud or false swearing shall cause a forfeiture of claims on the insurer; and shall be a full bar to all remedies against the insurer, on the policy. Looking at the nature of a policy, and the context of this and others containing the like clause, there can be no doubt that it means fraud, &c. in the preliminary proofs only. It would be idle as applied to the original concoction of the policy, which is always avoided by the common law, for the least want of good faith in the assured. The plea, therefore, should have averred, that the alleged fraud was committed in the rendition of the preliminary proofs; but above all, that it 'was committed by the plaintiffs or some party in interest. Both are said to be implied by the plea; and by a somewhat liberal course of intendment, I admit that may be made out. But by the rule, that a title or defence must always be expressly stated in pleading, in order to sustain it against a demurrer, a very serious doubt arises upon its import. No one is named as a party to the fraud, nor is it' averred to lie in the preliminary proofs. The case is open to the implication, that the fraud might have been committed by some one over whom the party in interest had no control. That is highly improbable, I admit; but we are not called to the office of presumption after verdict. The question arises on demurrer, specially assigning for cause, that the plea does not fasten the fraud upon the party. Under the rule before adverted to, and applied to the second count, the plea, being equivocal, must be taken most strongly against the defendant.
*75 But the vital question in this particular action, is raised by the demurrer to the third plea to the first count, and is involved in the demurrer to the second count of the declaration; viz. that the plaintiff Eaton, having assigned to the plaintiff Ferriss, before the loss happened, all interest in the subject of the policy, and in the policy itself, and that with the consent of the defendants, the former should not have been joined as a party plaintiff; but the action should have been brought by Ferriss alone.
It is supposed that the plea fails to raise this question, inasmuch as it is a plea in bar, whereas it should have been in abatement for a misjoinder. The plea is, that one of the plaintiffs has assigned his legal interest to the other. It is, in effect, the same as a plea that all the plaintiffs had assigned their interest. The plea, if valid, destroys the right of the plaintiff Eaton, and the right of both when they come jointly. The case is probably about the same as a plea, that one of several plaintiffs has assigned under the statute of bankruptcy, or setting up his attainder where the cause of action is forfeited. It is very questionable whether such matter be not merely in bar; though it is said of outlawry, forfeiture or attainder, pleaded against a sole plaintiff, that either may be pleaded in bar, or abatement, at the defendant’s election. (1 Chit. Pl. 386, Am. ed. of 1828.) But the misjoinder of plaintiffs is always a matter which operates as a bar in assumpsit, even on the general issue. Therefore, if pleaded, it would amount to the general issue, which is a plea in bar. (Vide Facquire v. Kinaston, 2 Ld. Raym. 1249.) In covenant, it is equally a matter in bar, and, I think, properly pleaded as such. It is not necessary to deny, that it might also be pleaded in abatement; a form to which some books certainly give countenance.
Upon the main question, the 14th section of the act incorporating this company seems to be decisive. It declares, that in case any person or persons assured shall assign the subject matter, he may also assign the policy; and notice being given to the company before the loss happens, the assignee shall have all the benefit of the policy, *76 and may sue in his own name. That is this case. Eaton’s interest, both equitable and legal, departed on executing the assignment, as much so as that of an insolvent debtor, on executing his assignment, and obtaining his discharge. All right vested in Ferriss. This is fatal to the action; and there must be judgment for the defendants on the demurrer to the second count of the declaration, and to the third plea to the first count; and for the plaintiffs, on the demurrer to the fifth plea to the first count.
Judgment accordingly.